**Rodney D. ATKINSON, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 02–1532.

United States Court of Appeals, Sixth Circuit.

Oct. 30, 2003.

Rodney D. Atkinson, pro se, Lisbon, OH, for Petitioner–Appellant.

Barbara Colby Tanase, U.S. Attorney's Office, Lansing, MI, for Respondent–Appellee.

Before: KENNEDY and GIBBONS, Circuit Judges; and ALDRICH, District Judge.*

### ORDER

Rodney D. Atkinson, a pro se federal prisoner, appeals the district court's opinion and order denying his motion to vacate, set aside, or correct his sentence, filed under 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Atkinson was charged, along with 23 codefendants, with conspiracy to possess with intent to distribute and to distribute five kilograms or more of cocaine and 50 grams or more of cocaine base. A joint trial was held for Atkinson and several of his codefendants, following which the jury found him guilty. The district court sentenced him on May 1, 1998, to 240 months in prison followed by five years of supervised release. A panel of this court affirmed Atkinson's conviction and sentence. *See United States v. Buchanan,* 213 F.3d 302 (6th Cir.2000), *cert. denied,* 531 U.S. 915, 121 S.Ct. 270, 271, 148 L.Ed.2d 197 (2000). Atkinson's motion to recall the mandate in light of the intervening Supreme Court decision in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), was denied in an unpublished order. *See United States v. Atkinson,* No. 98–1538 (6th Cir. Jan. 9, 2001).

In his motion to vacate, Atkinson presented three grounds for relief: (1) the indictment was defective because it did not allege a specific drug quantity attributable to him; (2) he was improperly sentenced to a mandatory minimum sentence without proof beyond a reasonable doubt in violation of the rule of *Apprendi;* and (3) counsel rendered ineffective assistance by leaving the courtroom during the course of the trial.

The district court denied Atkinson's § 2255 motion in an opinion and separate order entered on April 12, 2002. The district court found, *inter alia,* that Atkinson had failed to demonstrate that counsel was constitutionally ineffective. Under the circumstances of this case, the district court concluded that there was neither deficient performance nor prejudice resulting from counsel's temporary absence during the trial. Although this court initially denied

---

* The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

Atkinson's application for a certificate of appealability (COA) in its entirety, a COA was issued on rehearing only as to the ineffective assistance of counsel claim.

On appeal, Atkinson continues to argue that his attorney's absence during one afternoon of the trial was prejudicial per se and supported a finding of ineffective assistance of counsel.

Upon review, we affirm the district court's order because Atkinson has failed to demonstrate that counsel's temporary absence from the trial was prejudicial to his defense. To prevail on a § 2255 motion alleging constitutional error, the movant must allege that the error "had a substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson,* 507 U.S. 619, 637–38, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (quoting *Kotteakos v. United States,* 328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946)); *Wright v. United States,* 182 F.3d 458, 463 (6th Cir.1999). This court reviews *de novo* a decision denying relief under § 2255, and reviews the district court's findings of fact for clear error. *Weinberger v. United States,* 268 F.3d 346, 351 (6th Cir.2001), *cert. dismissed,* 535 U.S. 967, 122 S.Ct. 1433, 152 L.Ed.2d 377 (2002).

To establish ineffective assistance of counsel, Atkinson must show that counsel's performance was deficient and that the deficient performance prejudiced his defense so as to render the trial unfair and the result unreliable. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *McQueen v. Scroggy,* 99 F.3d 1302, 1310–11 (6th Cir. 1996). The performance and prejudice components of this test are considered to be mixed questions of law and fact, and are thus subject to *de novo* review. *Strickland,* 466 U.S. at 698; *McQueen,* 99 F.3d at 1310–11. A presumption of prejudice

will arise in circumstances where, *inter alia,* there exists a denial of counsel at a critical stage of the defendant's trial. *Moss v. United States,* 323 F.3d 445, 455 (6th Cir.2003) (citing *United States v. Cronic,* 466 U.S. 648, 658–59, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984)), *cert. denied,* —— U.S. ——, 124 S.Ct. 303, —— L.Ed.2d —— (2003).

Atkinson argues that the per se rule applies in his case. Atkinson was tried jointly with several coconspirators. On the second afternoon of the trial, his attorney informed the court that he had to appear in a different courtroom. Atkinson agreed to be temporarily represented by codefendant's counsel during his own attorney's absence. The witnesses scheduled to testify at that time were expected to testify about dealings with codefendants, not with Atkinson. Six of those witnesses were police officers testifying about specific drug-related incidents relating only to codefendant Murray. The testimony of the final witness, Buddy Jo Marshall, a coconspirator who had previously pled guilty, was limited to direct drug transactions involving four other codefendants; none of Marshall's testimony was directed at Atkinson. The district court reviewed the transcript of the testimony presented while counsel was absent and determined that none of it was inculpatory as to Atkinson.

In his motion to vacate, Atkinson relies upon the case of *United States v. Russell,* 205 F.3d 768, 772 (5th Cir.2000), for the proposition that counsel's absence (due to illness) for two days of a drug conspiracy trial, during which time witnesses testified in relation to codefendants, constituted prejudice per se and required reversal. *Russell,* however, is easily distinguished, most importantly, because the defendant in *Russell* did not expressly waive his right to have his attorney present. *Id.* at 771.

In contrast, Atkinson agreed to have code-fendant's counsel represent him during his own attorney's absence for one afternoon.

This circuit has never established a rule, even in a conspiracy case, that there is prejudice per se where counsel is briefly absent with the consent of the defendant and where other attorneys are present to assist if necessary. Instead, this court has noted that "some absences by a criminal defendant's attorney might be so de minimis that there would be no constitutional significance." *Green v. Arn,* 809 F.2d 1257, 1261 (6th Cir.1987). The Sixth Circuit has further held that "[w]hen the government presents evidence *probative of a defendant's culpability in criminal activity, or evidence that further implicates a defendant in criminal conduct,* that portion of a criminal trial is sufficiently critical to the ultimate question of guilt to trigger the protections of *Cronic." Olden v. United States,* 224 F.3d 561, 568 (6th Cir.2000) (emphasis added); *see also Vines v. United States,* 28 F.3d 1123, 1129 (11th Cir. 1994).

In the absence of a per se rule, Atkinson must show prejudice to his defense due to counsel's absence. However, Atkinson points to no testimony presented during counsel's absence that implicated him in any criminal activity and the district court reviewed the entire transcript of the witnesses' testimony during counsel's absence before concluding that counsel was not absent during a critical stage of the trial. We agree.

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.